UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 3868 (DAB)

JOHN CORSAUT

CLASS ACTION
COMPLAINT

                Plaintiff,

-against-

TRANSWORLD SYSTEMS INC.

                Defendant.

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1. This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2. This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in this District because the acts and transactions that give rise to this occurred, in substantial part, in this District. Additionally, plaintiff resides in this District and the Defendant transacts business here.

4. Corsaut is a citizen of the State of New York who resides in this District.

5. Corsaut is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the defendant sought to collect from him is a consumer debt, purportedly originally owed to Mohnke Funeral Home.

6. Upon information and belief, defendant is an active corporation, which does business in the County of New York.

7. Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8. Defendant is a "Debt Collector" as that term is defined by § 1692(a)(6) of the FDCPA.

9. Plaintiff received direct communications from defendant, a debt collector. **Exhibit A.**

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as of one year prior to the filing of plaintiff's complaint until the present, and their successors in interest (the "Class"). Excluded from the Class is the defendant and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant. The class is defined as all those people whose rights were violated as described in paragraph 19-24 of this complaint.

11. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

12. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices from the defendant that violate various provisions of the FDCPA.

13. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

 a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692e, and 1692e(10).

 b. Whether plaintiff and the Class have been injured by the defendant's conduct;

 c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

 d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

14. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

15. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

16. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendants' conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

18. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A CAUSE OF ACTION

19. Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

20. Upon information and belief, the collection letters are form letters sent by defendant to the plaintiff.

21. Collection letters, such as those sent by defendant, are to be evaluated by the

objective standard of the hypothetical "least sophisticated consumer."

22.  Section 1692e of the Fair Debt Collection Practices Act states that:

"A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

23.  Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

24.  Defendant violated §§ 1692e, and 1692e(10), of the FDCPA by falsely implying to the consumer that the collection agency is increasing its collection efforts, when in fact the collection agency, as stated in its own correspondence, has not employed "trained professionals" in its "collection efforts", nor, as falsely implied in its many letters containing regional information pertaining to the New York area, has it yet transferred the account to an "office appropriate for New York."

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a)  Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b)  Awarding plaintiff and the class statutory damages;

c)  Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

d)  Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated:  Cedarhurst, New York
        May 7, 2007

5

                                              Lawrence Katz (LK-0062)
Attorney at Law
445 Central Avenue Suite 206
Cedarhurst, New York 11516
Telephone (516) 374-2118
Fax (516) 706-2404

Plaintiff requests trial by jury.

                                              Lawrence Katz (LK-0062)

**EXHIBIT A**

THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY

ACCT NO. 7829M-0014747185
CLIENT REF

TRANSWORLD SYSTEMS INC.
COLLECTION AGENCY
1350 BROADWAY #1515
NEW YORK, NY 10018
LICENSE NO. 1155022

AMOUNT DUE $2,000.00

# TRANSMITTAL

05/21/06

JOHN CORSAUT
343 W 71ST ST APT 3F
NEW YORK NY 10023-3534
UNITED STATES

Dear John Corsaut,

**COURTESY NOTICE:**

Our client, Mohnke Funeral Home, has asked we contact you regarding your account in the amount of $2,000.00 that they show as outstanding. We realize this could be an oversight, not a willful disregard of an apparent obligation. At this point, you may still contact Mohnke Funeral Home at 231-796-7626 to discuss this matter.

Please use the payment voucher below to pay the balance of $2,000.00 directly to Mohnke Funeral Home and avoid any need for continued collection efforts.

TSI is a collection agency attempting to collect a debt and any information obtained will be used for that purpose. As outlined in the notice below, your receipt of this letter commences the 30-day validation period as provided by law. Send correspondence, other than payments, to this agency at 2235 Mercury Way, Suite 275, Santa Rosa, CA 95407.

SEND PAYMENT TO:
Mohnke Funeral Home
126 S Warren Avenue
Big Rapids MI 49307
231-796-7626

Unless you, within 30 days after receipt of this notice, notify this office that you dispute the validity of this debt, or any portion thereof, TSI will assume this debt is valid. If you notify this office in writing within the 30-day period that this debt, or any portion thereof, is disputed, TSI will obtain verification of this debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within the 30-day period, TSI will provide you with the name and address of the original creditor, if different from the current creditor.

We are required under state minors' laws to notify consumers of certain rights as detailed in the list on the back of this notice. Consumers have rights under state and federal law that are not described in this letter or in the list on the back of this notice.

**MAKE CHECK OR MONEY ORDER PAYABLE TO -**
**MOHNKE FUNERAL HOME**

1 C $2,000.00

MOHNKE FUNERAL HOME
126 S WARREN AVENUE
BIG RAPIDS MI 49307

John Corsaut    7829M-0014747185

7829M 0014747185 00200000

TRANSWORLD SYSTEMS INC.  
COLLECTION AGENCY  
1350 BROADWAY #1515  
NEW YORK, NY 10018  
LICENSE NO. 1155022

ACCT NO. 7829M-0014747185  
CLIENT REF

**AMOUNT DUE $2,000.00**

# TRANSMITTAL

09/15/06

JOHN CORSAUT  
343 W 71ST ST APT 3F  
NEW YORK NY 10023-3534  
UNITED STATES

## YOUR DEBT IS STILL UNPAID AND MUST BE RESOLVED

John Corsaut

This claim in the amount of $2,000.00 with Mohnke Funeral Home is still outstanding. The federally mandated validation period is about to expire. Unless you contact us prior to the 30-day period expiring, we may assume this debt to be valid as provided by federal law.

Be advised that Transworld Systems Inc. is committed to continuing the collection process. Timely payment on your part will preclude the need for additional collection efforts.

Send correspondence, other than payments, to this collection agency at 2235 Mercury Way, Suite 275, Santa Rosa, CA 95407.

Make continued collection efforts on our part unnecessary by making payment of $2,000.00 to:

Mohnke Funeral Home  
126 S Warren Avenue  
Big Rapids MI 49307

Our Client's Phone:  
231-796-7628

Transworld Systems Inc. is a collection agency attempting to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

We are required under some state laws to notify consumers of certain rights as detailed in the list on the back of this notice. Consumers have rights under state and federal law that are not described in this letter or in the list on the back of this notice.

### MAKE CHECK OR MONEY ORDER PAYABLE TO -  
### MOHNKE FUNERAL HOME

MOHNKE FUNERAL HOME  
126 S WARREN AVENUE  
BIG RAPIDS MI 49307

3    $2,000.00

John Corsaut  
7829M-0014747185

7829M 0014747185 00200000

# Transworld Systems®

2235 Mercury Way, Suite 275, Santa Rosa, CA 95407-5413   Phone (707) 236-3910

...REGIONAL OFFICE...
1350 BROADWAY #1515, NEW YORK, NY 10018, LICENSE NO. 1185022 TEL. 212-978-4241

JOHN CORSAUT
243 W 71ST ST APT 3F
NEW YORK NY 10023-3534
UNITED STATES

OCTOBER 2, 2006

MOHNKE FUNERAL HOME
ACCT NO.:   7829M-0014747185
CLIENT REF.:

John Corsaut,                                                                                          Amount Due   $2,000.00

Your 30-day validation period has expired. We now assume your debt in the amount of $2,000.00 to Mohnke Funeral Home to be valid as provided by federal law.

As you have chosen not to respond to our previous contacts, and have not disputed the validity of this debt, we may now recommend additional collections options as alternative solutions to assist our client in effecting debt recovery.

It is our experience that most financial obligations can be resolved without the need for many of the time-consuming efforts of professional collections. You should be aware that every day the collectors in the Credit Management Services offices throughout the country collect financial obligations from delinquent debtors. If you do not resolve this debt, collections efforts via trained professionals is an option Mohnke Funeral Home may evaluate. At this time, that decision has not been made.

REMIT $2,000.00 TO:
Mohnke Funeral Home
128 S Warren Avenue
Big Rapids MI 49307

Our Client's Phone:
231-796-7828

4

Transworld Systems Inc. is a collection agency attempting to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

We are required under some state's laws to notify consumers of certain rights as detailed in the list on the back of this notice. Consumers have rights under state and federal law that are not described in this letter or in the list on the back of this notice.

SAN FRANCISCO, LOS ANGELES, NEW YORK, CHICAGO, DALLAS, PHILADELPHIA, DENVER, SEATTLE, PHOENIX, HONOLULU, ATLANTA, BOSTON, MIAMI AND OTHER MAJOR CITIES

PROFESSIONAL COLLECTORS   DEBT VERIFICATION   **COLLECTION AGENCY**   FULL SERVICE   CREDIT MGMT. SERVICES

TRANSWORLD SYSTEMS INC.
COLLECTION AGENCY
1350 BROADWAY #1515
NEW YORK, NY 10018
LICENSE NO. 1155022

ACCT NO.    7829M-0014747185
CLIENT REF

**AMOUNT DUE $2,000.00**

# TRANSMITTAL

10/16/06

JOHN CORSAUT
343 W 71ST ST APT 3F
NEW YORK NY 10023-3534
UNITED STATES

John Corsaut,

You have been advised of the problems and possible consequences connected with non-payment of a legitimate debt. This is the last notice you will receive from us before we recommend to Mohnke Funeral Home to proceed with further collection alternatives.

### THIS MATTER NEEDS YOUR IMMEDIATE ATTENTION

Unless timely payment is made, we will recommend to Mohnke Funeral Home that this claim be transferred to the Credit Management Services office appropriate for New York, NY for personal attention by their staff of professional collectors.

Transworld Systems believes voluntary settlement now would be your best policy.

Resolve this matter now by making payment for $2,000.00 that you owe Mohnke Funeral Home. Do not delay any further.

Mohnke Funeral Home
128 S Warren Avenue
Big Rapids MI 49307

Our Client's Phone:
231-796-7625

Transworld Systems Inc. is a collection agency attempting to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

We are required under some states' laws to notify consumers of certain rights as detailed in the list on the back of this notice. Consumers have rights under state and federal law that are not described in this letter or in the list on the back of this notice.

---

**MAKE CHECK OR MONEY ORDER PAYABLE TO -**
**MOHNKE FUNERAL HOME**

MOHNKE FUNERAL HOME
128 S WARREN AVENUE
BIG RAPIDS MI 49307

5    $2,000.00

John Corsaut
7829M-0014747185

7829M  0014747185    00200000